**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **FREDERICK J. GREDE**, not individually but as Liquidation Trustee of the Sentinel Liquidation Trust, | ) ) ) ) | |
| | ) | Honorable James B. Zagel |
| Plaintiff, | ) | |
| v. | ) ) | |
| **CADENT FINANCIAL SERVICES**, | ) ) | |
| Defendant. | ) | Case No. 09-cv-00127 |

### CADENT FINANCIAL SERVICES' MOTION FOR ENTRY OF JUDGMENT ON COUNTS I, II, IV AND V OF THE TRUSTEE'S SECOND AMENDED COMPLAINT

Defendant, Cadent Financial Services ("Cadent"), hereby submits this Motion for Entry of Judgment on Counts I, II, IV and V of the Trustee's Second Amended Complaint.[1]   In support of its Motion, Cadent states as follows:

### INTRODUCTION

1.      This is one of 10 closely related adversary proceedings brought by the Trustee against former SEG 1 customers (collectively, the "SEG 1 Cases") of Sentinel Management Group, Inc.  ("Sentinel").  The defendants in the SEG 1 Cases are FCStone LLC ("FCStone") IFX Markets, Inc., IPGL Ltd., Farr Financial, Inc., Cadent, Rand Financial Services, Country Hedging Inc, Velocity Futures, LLC, American National Trading Corp., ABN AMRO Clearing Chicago LLC and Crossland LLC (collectively, the "SEG 1 Defendants").

---

[1] The Trustee is Frederick J. Grede as Liquidation Trustee for the Sentinel Liquidation Trust.

2.     The complaints in all these cases contain identical counts, cover the same core facts and transactions, and raise the same issues.  These counts are: (1) Count I for avoidance and recovery of post-petition transfer under § 549 of the of Title 11 of the United States Bankruptcy Code ("Bankruptcy Code"); (2) Count II for avoidance and recovery of prepetition preferential transfer under § 547 of the Bankruptcy Code; (3) Count III for declaratory judgment regarding the ownership interest in the SEG 1 reserve funds held by the Trustee; (4) Count IV for unjust enrichment; and (5) Count V for reduction or disallowance of claims.  All the Seg 1 Defendants have raised the same core defenses.

3.     Pursuant to this Court's instructions, the Trustee and the Seg 1 Defendants chose, and this Court approved *Grede v. FCStone*, Case No. 09-cv-136 (the "FCStone Test Case"), as the test case for all the SEG 1 Cases.

4.     On January 4, 2013, after a bench trial, this Court entered final judgment for the Trustee on Counts I (post-petition transfer), Count II (pre-petition preferential transfer), Count  III (declaratory judgment) and Count V (disallowance of claims) and for FCStone on Count IV (unjust enrichment).  FCStone appealed those counts decided against it and the Trustee cross-appealed the finding as to Count IV.  This Court has refrained from making any further decisions in the other Seg 1 Cases pending the appeal.

5.     On March 19, 2014, the United States Court of Appeals for the Seventh Circuit found in favor of FCStone and reversed this Court's judgment on Counts I, II, III and V.  *Grede v. FCStone*, LLC, 734 F.3d 244, 246-47, 251-260 (7th Cir. 2014).  The Seventh Circuit held that the post-petition transfer (Count I) was authorized by the Bankruptcy Court (*id.* at 246-47, 254-58)—and therefore that no avoidance action could

4834-3862-8894.1

be brought by the Trustee under 11 U.S.C § 549(a), and that the pre-petition preferential transfer (Count II) fell within both the "settlement payment" and "securities contract" safe harbor exceptions to claw back in § 546(e) of the Bankruptcy Code. *Id.* at 246-47, 251-54. The Seventh Circuit also denied the Trustee's cross-appeal for reinstatement of his unjust enrichment claim (Count IV), affirming this Court's holding that the Trustee's unjust enrichment claim is preempted by federal bankruptcy law. *Id.* at 259-60

6. The Seventh Circuit's opinion in the FCStone Test Case is binding precedent for all the SEG 1 Cases with respect to the Trustee's claims for: (1) avoidance and recovery of Sentinel's post-petition transfers (Count I); (2) avoidance and recovery of Sentinel's pre-petition preferential transfers (Count II); (3) unjust enrichment (Count IV); and (4) reduction or disallowance of claims (Count V).[2] It also collaterally estops the Trustee from further litigation of these claims, as the Trustee had every incentive and opportunity to vigorously litigate these issues in the FCStone Test Case and may not now re-litigate the adverse determinations against him. *See Ank v. Koppers Co.*, 1991 U.S. App. LEXIS 5381 (9th Cir. 1991) ("the situations that are most likely to create an implied agreement to be bound involve a shared understanding that a single action is to serve as a test case case that will resolve the claims or defenses of nonparties as well as parties."); *Grubbs v. United Mine Workers*, 723 F. Supp. 123 (W.D. Ark. 1989) ("It is obvious that the parties regarded *Royal* as a test case as did the court and it was litigated accordingly.

---

[2] Cadent is entitled to judgment on Count V under Section 502(d) of the Bankruptcy Code, which provides for the disallowance of the claims of an entity that receives an avoidable transfer from the debtor's estate and does not return such transfer to the estate. See 11 U.S.C. § 502(d). Here, the Seventh Circuit already has held that the post-petition and pre-petition transfers are not avoidable transfers from Sentinel's estate. Cadent, therefore, is entitled to judgment on Count V as well.

There are, to this court's knowledge, no procedural opportunities available in this proceeding not available in *Royal*. The court perceives no 'unfairness' in precluding the Plan from relitigating the same issue *ad infinitum.* Although the doctrine of non-mutual offensive collateral estoppel should be cautiously invoked, it is appropriate here.")(and collecting authority). Indeed, this Court has previously acknowledged that the Seventh Circuit's reversal of the FCStone Test Case would extinguish the Trustee's identical claims against the SEG 1 Defendants. *See* Jan. 22, 2013 Tr., pp. 8:23-9:1 ("It is true that if the Court of Appeals says I'm completely wrong in FCStone and everybody is off the hook as a result of that, you will have spent some money that perhaps your clients didn't have to …").

      7.    This Court, therefore, should enter judgment for Cadent and against the Trustee on Counts I, II, IV and V of the Trustee's Second Amended Complaint.[3]

      WHEREFORE, Cadent Financial Services respectfully requests this Court to enter judgment for Cadent Financial Services and against the Trustee on Counts I, II, IV and V of the Trustee's Second Amended Complaint.

---

[3] Cadent is not moving for the entry of judgment on Count III, which seeks a declaratory judgment regarding the ownership interest in the SEG 1 reserve funds held by the Trustee, because the Seventh Circuit did not decide the "property of the estate" issue.

4834-3862-8894.1

Dated:  September 3, 2014

Respectfully submitted,

Cadent Financial Services

By: /s/ Geoffrey S. Goodman
    Stephen P. Bedell  (#3125972)
    William J. McKenna  (#3124763)
    Thomas P. Krebs  (#6229634)
    Geoffrey S. Goodman  (#6272297)
    Foley & Lardner LLP
    321  North  Clark  Street,  Suite  2800
    Chicago, IL 60654-5313
    Telephone:  (312) 832-4500
    Facsimile:  (312) 832-4700

4834-3862-8894.1

## <u>CERTIFICATE OF SERVICE</u>

I, Geoffrey S. Goodman, an attorney, hereby certify that on September 3, 2014, I electronically filed the foregoing CADENT FINANCIAL SERVICES' MOTION FOR ENTRY OF JUDGMENT ON COUNTS I, II, IV and V with the Clerk of the Court using the CM/ECF system, and further caused the same to be served on all counsel of record via ECF filing.

By:  */s/* Geoffrey S. Goodman
              One of its attorneys